BIDDLE et al. v. HODGE & GRAVES CO.

(District Court, D. Massachusetts. June 26, 1913.)

No. 292 (C. C. 901).

PATENTS (§ 328*)—VALIDITY—VEHICLE SEAT.

The Miller patent, No. 1,007,041, for vehicle seat and lock therefor, claims 1 and 2, *held* void for lack of patentable novelty and invention.

In Equity. Suit by William E. Biddle and others against the Hodge & Graves Company. On final hearing. Decree for defendant.

George H. Maxwell and James R. Hodder, both of Boston, Mass., for complainants.

Charles F. Randall and Nathan B. Day, both of Boston, Mass., and Wilmarth H. Thurston, of Providence, R. I., for defendant.

BROWN, District Judge. The bill charges infringement of letters patent No. 1,007,041, October 24, 1911, to Miller, for vehicle seat and lock therefor.

The vehicle seat is of old construction, and is what is termed an "auxiliary automobile seat." It was considered desirable to provide this seat with a lock, and a lever lock was provided. This patent has broad claims for a combination which comprises the entire vehicle seat and locking means for locking the frame of the seat in different angular positions, consisting in a member having spaced apart recesses carried by the base with a substantially L-shaped locking lever.

As the patentee's problem was not concerned with the general structure of his automobile seat, but simply with the provision of locking means for this seat, it is very doubtful if the claims of the patent, which include elements of a seat proper, can be regarded as true combination claims. A lock is designed to unite two parts, and in consideration of a locking problem the parts locked can hardly be said to enter into combination unless there is something more than the ordinary modification of providing slots at one place and at another point a movable projection to engage the slots.

But it is unnecessary to consider this question further, since, in my opinion, the defendant has shown that there is no patentable novelty or invention in view of the prior art. From the language of the patent the prior art must be held to include, not only auxiliary automobile seats, but swiveling seats of other kinds. At the hearing of this case, with the models before me, I was strongly of the opinion that no pat-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entable novelty was involved in the structure of the patent in suit; and upon a consideration of the record and briefs in connection with the prior patents that opinion is strengthened. The patents cited are:

Benson, No. 936,513, October 12, 1909; Graves and Benson, No. 937,595, October 19, 1909; French, No. 371,110, November 5, 1906; Fleer, No. 556,343, March 17, 1896; Archer, No. 557,097, March 31, 1896; Mann, No. 557,846, April 7, 1896; Steese, No. 505,138, September 3, 1893.

A lever lock is shown in other patents.

Certain minor points of convenience, such as the putting of the lock in such position that it will not tear the garments, and that it may be easily grasped by the hand, are referred to; but these are not of a substantial character and are insufficient to support the patent.

I am of the opinion that claims 1 and 2 are invalid for the reasons above set forth.

The bill will be dismissed.